**STATE of Missouri, Respondent,**

v.

**Arthur A. CHAPMAN, Appellant.**

No. 55833.

Supreme Court of Missouri,
Division No. 2.

April 12, 1971.

John C. Danforth, Atty. Gen., James M. Reed, Asst. Atty. Gen., Jefferson City, for respondent.

Ralph E. Smith, Butler, for appellant.

STOCKARD, Commissioner.

Defendant Arthur A. Chapman waived trial by a jury and was tried before the court on the charge of stealing an automobile. He was found guilty, sentenced to imprisonment for a term of four years, and he has appealed.

On the morning of November 1, 1969, Mrs. LaFaun Crummett discovered that her 1968 Cadillac had been removed from the place she had parked it the previous evening. About two o'clock in the morning of November 2, a Cadillac of the same description as that of the missing automobile was seen in Schell City, Missouri, being driven by what was described as an

"elderly man." Defendant was 63 years of age. At five o'clock of the same morning the defendant knocked on the door of the home of Mrs. Georgia Mart and requested help from her husband in pulling his automobile out of a ditch. When told that Mr. Mart was ill, the defendant left but returned in a few minutes and said he could not get other help and again asked that her husband assist him. While talking to Mrs. Mart he raised his right hand to indicate to her that all the fingers were missing. She watched defendant go to his automobile, which was the Cadillac which had been stolen from Mrs. Crummett, and after taking some items from it he left. Defendant was arrested later that morning in El Dorado Springs apparently for some reason other than stealing the Cadillac automobile. A member of the Highway Patrol talked to Mrs. Mart while investigating the presence of the Cadillac in the ditch, and he obtained from her the description of the driver. He later learned that the defendant met that description. He then took Mrs. Mart to the jail and she identified defendant as the person who had called at her home earlier that morning.

Defendant's first point is that the court "erred in admitting of [sic] out-of-court identification into evidence, defendant being without counsel at the time he was viewed by witnesses."

Mrs. Mart was the only person who made an out-of-court identification. She testified on direct examination that she observed the defendant when he came to her house. She described him and his wearing apparel. She also testified that defendant showed her his hand with all the fingers missing. She made a positive in-court identification to which there was no objection, and there was no motion to suppress evidence of identification on the basis that it had in some manner become tainted by improper police activity. However, on the cross-examination of Mrs. Mart counsel for defendant brought out that she was taken to the jail by the highway patrolman and

that she there identified defendant as the person who had come to her door. When the patrolman testified he made no mention in his direct testimony of any out-of-court identification, but on cross-examination counsel for defendant again brought out that he had taken Mrs. Mart to the jail and that she had there identified the defendant.

■ Under these circumstances there can be no basis for complaint by defendant. He does not challenge the in-court identification by Mrs. Mart, and it was defendant and not the State who brought out the fact that Mrs. Mart had made an identification at the jail. In addition, the evidence clearly established an independent and reliable source for the in-court identification. Defendant cites United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and other cases pertaining to the right of counsel and to identification procedures. However, the factual situation of this case does not fall within any of the limiting rules in those cases.

Defendant next contends that the trial court should have quashed the information because defendant was denied counsel at the preliminary hearing. He relies principally on Coleman v. State of Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, but cites other cases pertaining generally to the right of counsel.

■ This case was tried prior to the time that the opinion in the Coleman case was handed down, and the rule of that case, if applicable to the preliminary hearing in Missouri, is not applied retroactively. State v. Caffey, Mo., 457 S.W.2d 657. Defendant does not attempt to demonstrate prejudice as a result of not having counsel at the preliminary hearing, and none is evident from the record. Denial of counsel under the circumstances was not error.

Defendant's remaining point is that the trial court should have quashed the information because "the State had released the

defendant from custody and the subsequent arrest was without a valid warrant." No case is cited in support of this contention.

 After defendant was arraigned and a trial date set, he was released by the sheriff of Bates County to a federal marshal on a warrant for parole violation and was transferred to Kansas City. On the date set for the trial defendant was in the custody of the federal marshal, but the court granted a request for a change of venue which apparently was made by previously appointed counsel, and the case was transferred to St. Clair County. Subsequently the federal marshal released the defendant back to the custody of the Sheriff of Bates County.

We are of the opinion that under these circumstances a warrant for the arrest of defendant was not required in order for the Sheriff of Bates County to again assume custody of defendant when he was released by the federal marshal. However, assuming that it was, the invalidity of the arrest does not affect the jurisdiction of the court to try an accused. At most it affects the validity of a search made in connection with the arrest. State v. Howe, Mo., 364 S.W.2d 546, certiorari denied 373 U.S. 943, 83 S.Ct. 1552, 10 L.Ed.2d 698;

Albrecht v. United States of America, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505; Robinson v. United States of America, 6 Cir., 144 F.2d 392.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.