**UNITED STATES of America,**
**Appellee,**

v.

**Walter J. ENTREKIN, Jr., Appellant.**

**No. 71-1288.**

United States Court of Appeals,
Eighth Circuit.

Nov. 9, 1971.

voluntary on his part, that no promises of any kind were made to Mr. Entrekin that could or would influence him in giving his oral statements in any manner, that he never was at any time threatened, that Mr. Entrekin at all times knew his rights as they related to criminal charges, that the statements made were entirely voluntary on his part and free of promises or threats of any kind. * * * "

On review of the record, we find sufficient evidence to sustain the trial court's finding that the statement was voluntarily given. Cf. United States v. Barnhill, 429 F.2d 340 (8 Cir. 1970).

Judgment affirmed.

---

John H. Moosbrugger, Grand Forks, N. D., for appellant.

Gary Annear, Asst. U. S. Atty., Harold O. Bullis, U. S. Atty., Fargo, N. D., for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

### PER CURIAM.

The defendant Walter J. Entrekin, Jr. was convicted under 18 U.S.C.A. § 876 for communicating a threat to injure persons and property belonging to another. On appeal the defendant attacks the admissibility of the testimony of a special agent of the F.B.I. relating to certain admissions against interest made by him while in custody. Defendant urges that the statement was involuntarily made and that it was induced by a promise of the F.B.I. agent not to arrest the defendant's wife for the same offense.[1]

During the trial the court held a hearing on defendant's motion to suppress the agent's testimony, and ruled:

"I find that any of these statements made by Mr. Entrekin were entirely

---

1. After the defendant's first statement in which his wife was implicated in the plan to extort money, the wife was arrested. Subsequently, defendant gave a statement to show that his wife was not guilty of the charges against her. The defendant concedes that he was fully informed of his rights prior to his interrogation.