STATE of Missouri, Plaintiff-Respondent,

v.

Donald STUBENRAUCH, Defendant-Appellant.

No. 34756.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 4, 1973.

George C. Hubel, Public Defender Bureau, Robert C. Babione, Allen I. Harris, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circ. Atty., David O. Fischer, James E. Darst, St. Louis, for plaintiff-respondent.

WEIER, Judge.

Defendant was convicted of the crime of arson of a dwelling house. § 560.010, RSMo 1969, V.A.M.S. Because of prior felony convictions, he was sentenced to ten years in the custody of the Department of Correction pursuant to the Second Offender Act, § 556.280, RSMo 1969, V.A.M.S.

■ On appeal, the defendant has raised three contentions of error. In the first, he asserts that the court erred in failing to suppress incriminating statements made by him to the police because these statements were not made voluntarily. Although the defendant noted in his brief that there was some question as to whether Miranda warnings were given, he based his argument principally on the contention that the statements were obtained by trickery. The trial court concluded, after an evidentiary hearing, that the statements were made voluntarily. The question for our decision on the propriety of the court's ruling is whether the evidence was sufficient to sustain the trial court's finding. State v. Alewine, 474 S.W.2d 848, 852[3] (Mo.1971).

As to the Miranda warnings, the officer who interrogated the defendant testified that he advised the defendant on two different occasions of his constitutional rights before interrogating him. This was denied by the defendant. But in considering the trial court's finding that the officer warned the defendant of his constitutional rights prior to interrogation, we observe the rule that "[t]he credibility of the witnesses is for the trial court to determine." State v. Alewine, *supra,* 474 S.W.2d 848, 852[4] (Mo.1971). The court below believed the officer's testimony, and there was sufficient evidence in the record to support the court's conclusion.

In his motion to suppress, the defendant also contended that his statements were obtained by trickery and deception in that the officer stated that he had interrogated other persons who had made statements implicating the defendant; whereas in truth and in fact the statements from the others did not implicate him. The officer, although not remembering verbatim anything that was said, denied ever having told defendant that which the others might have said. In its findings, the court determined that the statements made by the defendant were voluntarily made, and not induced by coercion, threats or through fear. There was sufficient evidence in the record to support this finding.

Even assuming, however, that the defendant's statements were obtained by deception, this does not serve to make the statements involuntary. A confession that has been obtained from an accused by leading him to believe an accomplice has made statements implicating him is admissible. State v. Wilson, 172 Mo. 420, 72 S.W. 696, 698[3] (1903). The United States Supreme Court in Frazier v. Cupp, 394 U.S. 731, 739, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969), held that where police told defendant falsely that his companion had confessed, such artifice was insufficient to make his otherwise voluntary confession inadmissible in that defendant had been advised of his rights before making the statement.

A second contention of error is based upon the sufficiency of the evidence to sustain a conviction. The evidence is attacked upon three grounds. The first is the insufficiency of evidence of incendiary origin. The second is the insufficiency of evidence to prove defendant's participation in the crime. And third is the insufficiency of the evidence to prove that the building burned was a dwelling house within the terms of §§ 560.010 and 560.015, RSMo 1969, V.A.M.S.

We consider the evidence in the light most favorable to the state. All inferences reasonably to be drawn from the evidence must be considered in this same light, and any inferences to the contrary must be disregarded. State v. Strong, 484 S.W.2d 657, 661[9] (Mo.1972).

The evidence presented was clearly sufficient to uphold a finding of the incendiary origin of the fire. Two gasoline cans were found in the burned building, and the battalion fire chief testified that he detected the odor of petroleum fumes from one of the cans. A police criminologist determined that by laboratory test this can contained a flammable liquid. The battalion fire chief testified that he noticed a petroleum odor about the fire, and that the fire had a very rapid acceleration which is characteristic of fires set by means of a petroleum product. A neighbor testified that she heard a loud noise, and looked out to see that the building was all in flames. Evidence of a similar nature was held sufficient to support a finding of incendiary origin in State v. Berkowitz, 325 Mo. 519, 29 S.W.2d 150, 152[3] (1930).

The defendant cites a number of cases where the courts have found insufficient evidence of arson. These cases, however, are all distinguishable on their facts. In none was there testimony concerning the presence of a petroleum product which was here presented to the jury.

■ The second contention relating to the insufficiency of the evidence was directed to defendant's participation in the crime. As stated in *Berkowitz, supra,* at 152[2], in addition to proving the corpus delicti, that is, the fire, there must also be proof tending to show that the accused was the incendiary. It is recognized that both the incendiary origin of the fire and the guilty agency of the accused may be established by circumstantial evidence.

Here, a gasoline filling station attendant testified that he sold a two-gallon can of gasoline to the defendant and another man on the evening of the fire. An identical can was found in the burned house later that night. Both the attendant and another employee of the station described the car defendant was driving as a green 1967 Chevrolet with no license plate and a rope or wire hanging from the trunk. The fellow employee testified that he saw the identical car parked a half block from the burned building a few days later. A neighbor testified that, at about 7:30 p. m. on the evening of the fire, one-half hour after the defendant and his companion were seen at the gasoline service station and approximately fifteen minutes before the fire was discovered, she saw two figures walking away from a car parked in front of her house just down the street from the house that was burned. This lady gave a description of the car which coincided with the identification of the car by the service station employees. She further testified that, within a short time after seeing the two men walk down the street toward the house that was burned, she heard a loud noise and saw that the house was in flames.

In addition to the testimony of the above witnesses, the state introduced the defendant's confession which revealed the initial plot between himself and his companion to burn the latter's house. The confession contained the defendant's statement that, after going to the service station with his companion, he told him that he no longer wanted anything to do with setting the fire. The statement was made that, on leaving the service station, he had his companion make a right turn on Grand to take the defendant home, away from the direction of the residence which was later burned. Both of the filling station attendants, however, testified that when the defendant left the station, after purchasing the gasoline, he was driving, and the car proceeded southwest on Gravois, across Grand, and did not make a right turn at that intersection.

■ When the crime of arson is proven by circumstantial evidence, as in all other circumstantial evidence cases, the facts and circumstances in evidence should be consistent with each other and with the defendant's guilt, and inconsistent with any reasonable theory of his innocence. State v. Blankenship, 330 Mo. 792, 50 S.W.2d 1024, 1026[3] (1932). The evidence adduced in the instant proceeding could have left only a "mere possibility" of defendant's innocence. Like evidence has been held sufficient to support a conviction. State v. Lawrence, 71 S.W.2d 740, 743[3] (Mo.1934). Without any question, there was sufficient evidence here to support a finding of the defendant's criminal agency.

The third and final challenge to the sufficiency of the evidence is directed by defendant to the assertion that there was no evidence to show anyone lived in the building, or that it was fit for human habitation, and hence it was not a "dwelling house" under §§ 560.010 and 560.015, RSMo 1969, V.A.M.S.

§ 560.015, RSMo 1969, V.A.M.S., defines a "dwelling house" as "[e]very house * * * which shall have been usually occupied by persons lodging therein * * *." The building set on fire was referred to as a "house" by the patrolman who first arrived on the scene. The battalion fire chief testified that wood and furnishings were burning inside the building and described it as "a residence or a bungalow-type of home". The neighbor witness described the building as "Bono's

house", and testified further that Margaret Bono had been "living there a number of years". Such evidence clearly supported the finding that the building in question was a "dwelling house" within the meaning of the statute. This point, like the others attacking the sufficiency of the evidence, is without merit.

■ Defendant's third main contention is directed to the state's verdict directing instruction. He stated that the court erred in giving this instruction for the reason that it was "confusing and misleading". No citations of authority were given in support of the contention. It appears to have been based upon the fact that the jury indicated, after submission, it had a question concerning the meaning of the first paragraph of the instruction. The thrust of defendant's argument is directed to the instruction's failure to specify that the defendant had to act knowingly and intentionally. The challenged instruction read as follows:

"INSTRUCTION NO. 1:

"All persons are equally guilty who act knowingly together with a common intent in the commission of an offense, and an offense so committed jointly by two or more persons is the act of each and all, and whatever one does in furtherance of the unlawful act is in law the deed of each of such persons.

"If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 21st day of March, 1971, in the City of St. Louis, State of Missouri, the defendant acted knowingly with other persons with the common intent to commit the offense of arson of a dwelling house, and Second, that while they were so acting, one of them set fire to the dwelling house of one Margaret Terry, situated at 5660 Morganford in the City of St. Louis, State of Missouri, and Third, that one of them did so intentionally, then you will find the defendant guilty of arson of a dwelling house.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense."

Appellant appears to have overlooked the clearly worded directive in Paragraph First which, combined with the introductory paragraph in regard to concert of action by two or more, would clearly direct the jury in this area. The instruction given by the court corresponds practically word for word with Instruction 2.10 of the draft pattern criminal instructions, effective under Supreme Court Rule 20 January 1, 1974. The essential elements of this instruction on concert of action have been approved in State v. Washington, 364 S. W.2d 572, 575[8] (Mo.1963), and State v. Price, 362 S.W.2d 608, 611[4, 7] (Mo. 1962), cert. denied, 374 U.S. 811, 83 S.Ct. 1702, 10 L.Ed.2d 1034 (1963). This instruction was in proper form and was properly given in view of the fact that sufficient evidence was presented to support the finding that defendant acted with another in carrying out a plan to commit arson.

Finding no error, the judgment of the trial court is affirmed.

DOWD, C. J., and SIMEONE, J., concur.