**STATE of Missouri, Respondent,**

v.

**Manny COLLINS, Appellant.**

**No. KCD 27264.**

Missouri Court of Appeals,
Kansas City District.

Feb. 3, 1975.

Gerald Kiser, Public Defender, Seventh Judicial Circuit, Liberty, for appellant.

John C. Danforth, Atty. Gen., Clarence Thomas, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

This appeal arises from a jury trial at which defendant was convicted of assault with malice aforethought, under § 559.180.[1]

1. All statutory references are to RSMo 1969, V.A.M.S.

Three claims of error are now assigned, and a brief summary of the State's evidence will suffice to place the issues in proper factual context.

Shortly before 9:00 P.M. on the evening of October 2, 1973, defendant, his wife Laura, Thurlow Johnson and Sally Roberson were drinking together at the Chouteau Inn. An argument began between Thurlow Johnson and Laura Collins and soon developed into a heated exchange involving Johnson and defendant. Defendant and his wife then left briefly to return in the company of two other men. It was at that time suggested that the group journey to form a party elsewhere. Accordingly, all six persons entered defendant's camper truck and began a twenty minute drive. Thurlow Johnson and one other occupied the rear of the truck. When the truck stopped, defendant opened the back of the camper and announced to Thurlow Johnson that he was about to shoot him. Defendant's first shot hit Johnson, but the second misfired and the victim was thereby able to flee to eventual safety. Defendant was arrested a short time later.

First proffered as error is the trial court's refusal to grant defendant's motion to suppress statements made by him at the time of the arrest. One of the arresting officers testified that defendant admitted shooting Johnson, and that defendant stated he would endeavor to kill Johnson if given another opportunity. Admission of any such statements, claims defendant, was erroneous for the reason that a knowing and voluntary "Miranda waiver" was not sufficiently proven.

A hearing was held on the motion at which it was adduced that at the time of the arrest defendant was walking along the road in stocking feet and with a generally disheveled appearance. Although defendant had been drinking, Detective Porter did not recall detecting alcohol on defendant's breath, nor did he recall defendant appearing dazed or confused. There was testimony from both Detective Porter and his partner Detective Boydston, who participated in the arrest, that defendant acknowledged an understanding of his rights after they had been read to him. However, no written waiver was executed, and the officers could not recall the exact words used by defendant to express his understanding of the Miranda warning. It is these latter two circumstances that are now stressed in defendant's argument as rendering the trial court's ruling erroneous.

Review of such questions on appeal is directed toward whether there was sufficient evidence to sustain the trial court's finding that the statements were voluntary. State v. Alewine, 474 S.W.2d 848, 852 (Mo.1972) and State v. Stubenrauch, 503 S.W.2d 136 (Mo.App.1973). In that connection, it is not required that an accused expressly state a waiver of his rights. State v. Fair, 467 S.W.2d 938, 944 (Mo. banc 1971); State v. Hughes, 460 S.W.2d 600, 602, 603 (Mo.1970); Burnside v. State, 473 S.W.2d 697, 700 (Mo.1971); and State v. Alewine, supra. "What the prosecution must show is that the defendant was effectively advised of his rights and he then intelligently and understandingly declined to exercise them." State v. Alewine, supra, 474 S.W.2d at 851. There is no argument about the fact that defendant was correctly informed of his constitutional rights; and, regardless of the precise verbiage employed, the record clearly indicates that defendant communicated an understanding of those rights to his interrogators. The State's evidence on this point was unimpeached, and was sufficient to justify a finding by the trial court that the statements were made with understanding of the constitutional protections available.

Defendant next claims error in the trial court's refusal to grant a new trial as a consequence of certain prosecutorial remarks made during closing argument. It is argued that the remarks constituted improper comment upon the failure of defendant's wife to testify, and thus violated § 546.270 and Rule 26.08, V.A.M.R. No

objection to the statement was interposed at trial, yet defendant urges the point is nevertheless reviewable as plain error. Rule 27.20(c). However, careful study of the record, briefs, and cases cited compel the conclusion that no manifest injustice or miscarriage of justice has resulted and defendant's claim of plain error must be overruled.

Lastly, defendant presents a pro se challenge to certain discrepancies between the indictment and verdict directing Instruction No. 5. The indictment charged defendant with shooting Johnson with an intent "to do great bodily harm" to Johnson. Instruction No. 5 varied from that somewhat in that it instructed the jury to find defendant guilty if (among other things) in shooting Johnson, defendant "intended to kill" Johnson. Defendant complains that charging him with an intent "to do great bodily harm" and convicting him of maintaining an intent "to kill" was a fatal variance.

A variance, to be fatal and justify reversal, must be material and prejudicial to the rights of the defendant. State v. Crossman, 464 S.W.2d 36, 42 (Mo.1971); Rules 24.11 and 26.04. On multiple approaches, such a characterization cannot be made here. In the first place, § 559.180 can be violated by an intent to either kill or to do great bodily harm. "[I]ntent to kill" is specifically addressed by the statute, while "intent to do great bodily harm" has been held to be synonymous with intent to "maim", thereby including it also within the terms of § 559.180. State v. Hardy, 359 Mo. 1169, 225 S.W.2d 693, 696 (1950); and see State v. Gillespie, 336 S.W.2d 677, 681 (Mo.1960). Thus, under either phrase, defendant has been both charged with, and convicted of, violating that section.

Also, the specification in the instruction of an intent "to kill" can be considered as merely narrowing the more generalized charge of the indictment. Unquestionably, the instruction put squarely to the jury the precise theory of the State's case, which in turn was within the scope of the offense as alleged in the indictment.

But, of even greater significance is the following language from State v. Meinhardt, 82 S.W.2d 890 (Mo.1935), quoted and applied to the predecessor of § 559.180 in State v. Hardy, supra, 225 S.W.2d at 696:

> "The gist of the crimes defined in sections 4014 and 4015 is assault. The one with malice aforethought, the other without such malice. Assaults . . . whether made with intent to kill or made to do great bodily harm stand on the same footing. *The punishment prescribed is for the assault. The intent with which the assault is committed is immaterial* so long as it is made with intent to do one or more of the acts mentioned in the section." (emphasis supplied)

Here, it is abundantly clear that defendant intended to do "one or more of the acts mentioned in the section." The essential assault charged was to shoot Johnson with a gun "likely to produce great bodily injury or death." As stated in *Meinhardt*, that assault is the essential concern, rather than the precise form of intent as between one to kill as against just to maim.

The evidence in this case amply supported a finding that defendant indeed intended to inflict such great bodily harm as would kill Thurlow Johnson. An intent prescribed by the statute being thus firmly established, the variance between that charged and that submitted to the jury becomes, on these facts, inconsequential. A violation of § 559.180 was committed under either theory of intent, and, if anything, Instruction No. 5 merely increased the State's burden. See State v. Bunyard, 253 Mo. 347, 161 S.W. 756, 758 (1913). Without condoning such variances, the one here worked no prejudice to the rights of defendant.

Affirmed.

All concur.