**STATE of Missouri, Plaintiff-Respondent,**

v.

**Melvin B. WILLIAMS,
Defendant-Appellant.**

No. 37822.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 14, 1976.

Motion for Rehearing or Transfer
Denied Feb. 16, 1977.

Robert C. Babione, Public Defender, James C. Jones, St. Louis, Christelle Adelman Adler, Asst. Public Defenders, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Charles B. Blackmar, Spec. Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Terrence J. O'Toole, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Melvin B. Williams appeals from a conviction of stealing from a person. In this court-tried case, defendant was sentenced to one year imprisonment in the City Work-house. He now contends that the trial court erred in overruling defendant's motion to strike testimony regarding the ownership of a cap found by the victim at the scene of the crime. His objection is twofold: 1) the officer's testimony which established this fact indicated that defendant had not been advised of his *Miranda* rights at the time and place questioned, and 2) the defendant had previously indicated he did not wish to make any statement.

The victim had her purse and a shopping bag stolen as she waited for a bus in the City of St. Louis. She was knocked to the ground and could not identify her assailant. After the incident occurred, she discovered a cap on the ground at the scene. Three other persons assisted in the pursuit of the defendant before he was apprehended by the police. The stolen purse and bag were both recovered, and the items identified by the victim. All of those engaging in the pursuit identified defendant. When defendant was taken into custody, he was advised of his right to remain silent and that anything he said could and would be used against him in court. He acknowledged that he understood his rights and he did not make any statement at that time. He was immediately driven in the police car to a nearby funeral home where the victim had gone. There, the victim confirmed the fact that she could not identify the defendant, and another officer asked the defendant a single question concerning the ownership of the cap. He answered that the cap was his, saying that he had lost it while running from a dog. After an acknowledgement from defendant that he understood the *Miranda* warnings, his subsequent response to a question by a police officer adequately evidences the waiver of his rights. *State v. Collins*, 519 S.W.2d 362, 363[1, 2] (Mo.App.1975). The evidence here indicated that defendant was asked about the cap within a short time after he had been given the *Miranda* warnings. He advised the officer who gave the warnings that he understood them but did not make a statement at that time. There is no indication that he ever refused to make a state-

ment either before or at the time he answered the one question. Sufficient evidence of the voluntariness of the answer sustained the trial court's ruling. *State v. Collins, supra.*

The judgment of the trial court is affirmed.

DOWD and CLEMENS, JJ., concur.