STATE of Missouri, Respondent,

v.

Richard A. RICHARDS, Appellant.

Nos. 39388, 39507.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 3, 1979.

Runge & Gumbel, Jonathan Isbell, Collinsville, Ill., for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Weldon W. Perry, Jr., Richard Thurman, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Murder in the first degree—felony-murder.

The defendant was convicted by a jury of first degree murder (felony-murder) of the city marshall of Silex, Missouri. The jury assessed punishment at life imprisonment. We affirm.

■ Defendant did not file a motion for a new trial. Nothing was preserved for appellate review. State v. Collett, 542 S.W.2d 783, 785 [1] (Mo. banc 1976). Defendant asks for relief under the "plain error" provisions of Rule 27.20(c). He contends a "manifest injustice" has been done. It is not necessary for us to state why a "manifest injustice" has not been done, yet, we may do so if we so choose. State v. Enscoe, 548 S.W.2d 568, 571 [6] (Mo. banc 1977). We hold the defendant has suffered no manifest injustice. We will review defendant's arguments as we believe that course to be beneficial.

■ Defendant claims substantial deprivation of his constitutional rights by the admission into evidence of a bullet removed from his right hip pursuant to a court order. The bullet was lodged approximately four inches below the surface of the skin. He relies heavily on State v. Overstreet, 551 S.W.2d 621 (Mo. banc 1977) and also on United States v. Crowder, 177 U.S.App.D.C. 165, 543 F.2d 312 (D.C. Cir. 1976), cert. den., 429 U.S. 1062, 97 S.Ct. 788, 50 L.Ed.2d 779 (1977). Overstreet, which had not been decided at the time of the removal of the bullet, suggests four requirements to determine whether or not a surgical operation in search of evidence is reasonable. These requirements are: (1) A judicial adversary hearing must be conducted whereby the defendant is represented by counsel and is given the opportunity to cross-examine and offer witnesses; (2) An opportunity for appellate review must be available prior to the surgical removal; (3) The evidence sought to be surgically removed must be relevant; (4) Surgical procedures should be a minor intrusion without risk of harm or injury to the defendant. 551 S.W.2d at 627 [1].

As required by Overstreet, the defendant here was accorded a sufficient adversary hearing prior to the removal of the bullet. The court found that an operation was necessary in order to obtain relevant evidence—the bullet. The defendant had ample time to file a writ of prohibition, but did not do so.

The last requirement of Overstreet relates to the medical question whether it would be reasonable to require the defendant to undergo the operation. The court found that the removal of the bullet did not constitute an unreasonable search and seizure for the reasons that the doctor indicated: This would not be a minor or major operation. There were no vital organs in the particular area where the bullet was lodged. The operation would not be a difficult one with the x-ray equipment then available. There would no no danger to life, limb, tissue, muscle, or ligaments. It would be in the best interest of the defendant to have the bullet removed.

The court further found that the removal of the bullet did not shock the conscience of the court. The court used reasonable discretion in ordering the removal of the bullet. Apparently, the bullet was removed without complication. Accordingly, the defendant was not deprived of any substantial constitutional right. See Creamer v. State, 299 Ga. 511, 192 S.E.2d 350, 352–53 [1–3] (1972), cert. dismissed, 410 U.S. 975, 93 S.Ct. 1454, 35 L.Ed.2d 709 (1973).

■ Defendant next complains he suffered manifest injustice when, on a writ of habeas corpus, he was discharged from custody in Illinois only to be rearrested by federal officers and returned to Missouri as a fugitive from justice in interstate commerce. Illinois had arrested the defendant on an extradition warrant. The Illinois court, disclaiming any finding of guilt or

innocence, discharged the defendant because the state of Missouri had not shown the defendant to have been in Missouri at the time of the commission of the crime. We find no manifest injustice.

Even assuming the invalidity of the rearrest by the federal officers, that invalidity would not affect the jurisdiction of the Missouri court to try the defendant. *Huffman v. State*, 487 S.W.2d 549, 553 [1] (Mo. 1972); *State v. Howe*, 364 S.W.2d 546, 547 [2] (Mo.1963), *cert. den.*, 373 U.S. 943, 83 S.Ct. 1552, 10 L.Ed.2d 698 (1963). Nor is there any res judicata effect arising from the discharge of the defendant in Illinois on the writ of habeas corpus. The issue decided there was not the guilt or innocence of the defendant. The additional issues and evidence submitted to the court below make res judicata inapplicable. *Keeton v. Gaiser*, 55 S.W.2d 302, 304 [5] (Mo. banc 1932); *Ex parte Messina*, 233 Mo.App. 1234, 128 S.W.2d 1082, 1085 [6–7] (1939).

■ Defendant next complains of ineffective assistance of counsel. The record does not sufficiently develop facts essential to a meaningful review. Accordingly, review of such allegations is declined. *State v. Bibbs*, 461 S.W.2d 755, 760–61 [9] (Mo. 1970).

The judgment is affirmed.

DOWD, P. J., and SATZ, J., concur.