STATE of Missouri,
Plaintiff–Respondent,

v.

Eugene ROSS, Defendant–Appellant.

No. 11610.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 2, 1980.

Appellant's Motion for Rehearing and for Transfer Denied Nov. 24, 1980.

Application to Transfer Denied
Jan. 13, 1981.

David Neal, Eminence, for defendant–appellant.

Steven D. Lindsey, Pros. Atty., Eminence, for plaintiff–respondent.

MAUS, Judge.

The defendant was charged in the Circuit Court of Shannon County with a Class B Misdemeanor of driving a motor vehicle in an intoxicated condition in violation of § 577.010, V.A.M.S. Following a de novo jury waived trial in the Circuit Court of Shannon County he was found guilty. Sentence was suspended and he was placed on probation for one year. The arresting officer was a deputy marshal of a fourth class city. He observed the defendant driving erratically in the city, followed him observing further erratic driving, and arrested him when outside the corporate limits. The defendant's sole point on appeal is that his conviction must be reversed because he was illegally arrested.

The resolution of that contention of illegality does not admit of a settled answer. It is not necessarily controlled by *City of Advance v. Maryland Casualty Company*, 302 S.W.2d 28 (Mo.1957), cited by defendant, as that case dealt with a warrantless arrest for the violation of a city ordinance as distinguished from a state law. However, in the posture of this case this court cannot determine the validity of that arrest. The first challenge based upon the alleged invalidity of that arrest was a motion for acquittal at the close of the state's evidence. The next came in the form of argument at the close of all the evidence. "An illegal arrest does not divest the trial court of jurisdiction to try the case." *State v. Moore*, 580 S.W.2d 747, 749 (Mo.banc 1979). Also see *State v. Chapman*, 465 S.W.2d 472 (Mo.1971) and *State v. Richards*, 585 S.W.2d 505 (Mo.App.1979). There was substantial evidence to support the finding of the trial court and the judgment is affirmed.

BILLINGS, P. J., and HOGAN, J., concur.