**STATE of Missouri, Respondent,**

v.

**David CRUESOE, Appellant.**

**No. 49420.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied
Oct. 16, 1985.

Henry B. Robertson, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, David Cruesoe, appeals from his convictions, after a jury trial, of robbery in the first degree and armed criminal action. He was sentenced to twenty years' imprisonment on the robbery conviction and to a consecutive term of five years' imprisonment on the armed criminal action conviction, for a total of twenty-five years.

Defendant contends the court erred (1) in overruling objections to a police officer's testimony that defendant's brother was arrested in connection with the crime, and (2) refusing to allow defendant to cross-examine a police officer about the procedures of the police department for taking confessions. We affirm.

Defendant does not challenge the sufficiency of the evidence, which, when viewed in the light most favorable to the verdict, showed the following: Defendant walked into a business called the Superette, a combined liquor store, ice cream parlor, and laundromat, around 7 p.m. on January 12, 1984. He pointed a sawed-off shotgun at Barbara Pate, a cashier at the store. He ordered her to fill a bag with money, then fled by getting into a van parked nearby. The van was identified as bearing the words "Chapman's Ice Cream."

Police located the ice cream van after a short search. As they were examining the van, defendant's brother, Walter Cammon, came out of a nearby dwelling and claimed he owned the vehicle. During a subsequent search of the van, police found a sawed-off shotgun and ammunition. Cammon was identified as having been seen driving the van on occasions prior to the robbery and as a customer of the store.

Barbara Pate identified defendant as the man who robbed her. Three other witnesses identified defendant as the robber. In addition, Evelyn Gordon, the owner of the store, identified defendant as having been in the store earlier on the day of the robbery. He had purchased some beer, and in getting change had seen where the cashier kept the large bills. At the subsequent robbery, defendant demanded the money from the location where those bills were kept, in addition to the money in the cash register.

Defendant first contends the court erred in overruling his objections to testimony by Officer Michael Johnson, who stated defendant's brother, Walter Cammon, had been arrested in connection with this crime and charged with robbery and criminal in possession of a firearm. While "it is error to introduce evidence to the effect that a codefendant has pleaded guilty or been convicted of the same crime," *State v. Sanner*, 655 S.W.2d 868, 880 (Mo.App.1983), "[i]n situations involving accomplices or co-conspirators to a crime, the general principle is that the arrest of other accomplices or conspirators and the circumstances surrounding such arrests are admissible evidence against another accomplice or co-conspirator." *State v. Rocha*, 526 S.W.2d 834, 838 (Mo.App. 1975); see also *State v. Tate*, 658 S.W.2d 940, 946 (Mo.App.1983).

Here the brother was found near the van minutes after the robbery. A sawed-off shotgun matching the description of the one used in the robbery was found in the van. The van was at the scene of the robbery, and someone other than defendant was driving it. A worker at the store had seen the brother driving the van on previous occasions, and a witness had seen him in the store previously. There was substantial evidence the brother was an accomplice. Under *Rocha* the brother's arrest and the surrounding circumstances could be used as evidence against defendant. The arrest was close in time to defendant's actions, and the brother was linked to the crime by way of the identification of the van. The arrest and charges were relevant to defendant's guilt.

Defendant also claims specific error in the statement that his brother was

charged with "criminal in possession of a firearm." Defendant claims he was prejudiced because this statement allowed the jury to find defendant guilty by association with a man known as a criminal. This objection was not raised at trial or in his motion for new trial. We therefore limit our review to plain error. Rule 30.20. In light of the strength of the State's case, we find no error, plain or otherwise, in the admission of this statement. Defendant's first point is denied.

Defendant next claims the court erroneously prevented him from cross-examining a police officer about procedures for taking written statements from suspects.

The State presented evidence of statements defendant made to Detective Richard Brogan. At the time he was arrested, defendant denied robbing the store. Later, after defendant appeared in a lineup, he asked to speak with Detective Brogan. Defendant "asked if there was something that he could do to make the robbery go away." Then defendant stated: "[Y]ou got me rapped for this thing.... I don't want another case." He offered to provide police with information about narcotics houses in exchange for making the case go away.

The next day Detective Brogan showed defendant a picture of defendant's brother and engaged defendant in conversation. Defendant at that time stated: "Look, Brogan, don't drag my brother into this thing.... I'm the one you want for the robbery, leave him out of this."

On cross-examination defense counsel attempted to ask Detective Brogan if it wasn't common practice to have suspects write out their statements. Objections to this line of questioning were sustained.

The question of what was done in other cases was collateral to the issues in this case and irrelevant, absent a proper foundation. The first question is what was done in this case. If that had been established, then the variation from standard police procedure, assuming such a procedure existed, may or may not have been relevant depending on the testimony elicited. We therefore hold that the trial court did not abuse its discretion in sustaining the State's objection. Defendant's second point is denied.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.