Manny COLLINS, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 28126.

Missouri Court of Appeals, Kansas City District.

May 3, 1976.

Gerald Kiser, Public Defender, Liberty, for appellant.

John C. Danforth, Atty. Gen., Sheila K. Hyatt, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Manny Collins appeals the denial of his motion filed under Rule 27.26 to vacate a judgment, entered subsequent to a jury trial, of thirty-five years confinement for assault with malice aforethought. A direct appeal to this court following his conviction resulted in the judgment being affirmed. *State v. Collins*, 519 S.W.2d 362 (Mo.App. 1975).

On this appeal Collins argues the denial of his motion should be reversed because (1) a statement given by Collins following his arrest was not voluntarily and intelligently made; (2) he was denied effective assistance of counsel because of the failure of his trial counsel to object to an argument made by the assistant prosecutor; and (3) he was denied effective assistance of counsel because of failure of his trial counsel to object to a comment by the assistant prosecutor on the failure of defendant's wife to testify. Affirmed.

At the hearing on Collins' motion, the transcript of the original trial was introduced and received in evidence. From that transcript the following facts appear.

Collins, his wife Laura, Sally Roberson and Thurlo Johnson were friends from their days of residing in West Plains, Missouri. These four were in a tavern drinking, and apparently Johnson at least had been drinking most of the day. At a point in the otherwise convivial atmosphere, Laura called Johnson a "big old dummy". This erupted into an argument between Johnson and Laura. Shortly after this developed, Collins and his wife left the tavern. They returned about forty-five minutes later with two other men.

After his return, Collins had some conversation with Johnson concerning the argument and after some reluctance, and at the suggestion of Johnson, Collins agreed to forget the incident. Collins thereupon suggested that the entire group go out into the country for a party. Johnson gave a hearty endorsement to this idea and the entire group went to Collins' pickup truck. The truck had a camper on the back and Johnson and one of the other men got into the camper. Johnson located a mattress and lay down, with the other man seated on the mattress. In the cab, one of the other men was driving with Sally next to him, then Laura was seated near the edge of the seat in order to make room for everyone, with Collins seated on the right side. As soon as the truck left the tavern parking lot, Collins produced a pistol and started laughing and saying he was going to kill Johnson. He also put the gun to the head of Sally and told her he was going to kill her, all the while continuing his laughter. He talked with the driver about the fun they were going to have in killing Johnson and throwing his body into the river, and the driver remarked it was going to be great fun with a lot of blood.

After a drive of about twenty minutes, with Collins and the driver engaging in laughter and talk about killing, the truck came to a stop on a road next to the Mis-

souri River under the Chouteau Bridge. Collins and the driver got out and went to the camper. As soon as the door was opened, the man seated on the mattress jumped out of the camper. Johnson half raised up and as he did so Collins told him he was going to kill him and immediately fired. The bullet passed through Johnson's chest just to the right of the breastbone. Despite his wound, Johnson was able to jump out of the camper and run down the road. As he jumped out, Collins attempted to fire again but the gun failed to function properly. Collins and the other men looked for Johnson but were unable to find him. Johnson was able to make his way up a bank to a filling station at the north end of the Chouteau Bridge.

Collins was represented at trial by his own privately retained counsel, but different counsel has appeared on both appeals. After the State rested, the defense rested without putting on any evidence.

In final argument, the assistant prosecuting attorney made statements which Collins' counsel concede were objectionable.

No objection to any of the argument was made, nor was any complaint voiced in the motion for a new trial. This argument was not considered on the direct appeal since it was not preserved, and no request was made for the court to consider this complaint under plain error.

On the hearing on Collins' 27.26 motion, the only evidence concerning the effective representation of Collins by his counsel came from his trial counsel's testimony. When he was questioned about the argument and his failure to object, counsel stated he did not object as a matter of trial strategy. He stated he thought the argument was objectionable, but he feared any objection would only tend to emphasize the argument to the jury with the result that he would only compound the effect of the argument. Counsel further stated he did not feel this argument had deprived Collins of a fair trial.

In overruling Collins' motion the trial court found the assistant prosecutor's argu-ments "were not so inflammatory or prejudicial as to deprive Collins of a fair trial" and the failure of counsel to object to such arguments was a part of his trial strategy and did not constitute ineffective assistance and did not deny Collins a fair trial.

■ Turning to the points raised on this appeal, the complaint that a statement made by Collins was not voluntarily and intelligently made and should not have been received in evidence, and the argument of the assistant prosecutor on the failure of Collins' wife to testify were both raised and ruled on in the direct appeal. 519 S.W.2d 363[1, 2], [3]. In that situation they may not be reviewed again as such on a 27.26 motion. *Shepherd v. State*, 529 S.W.2d 943 (Mo.App.1975).

■ Collins' counsel on this appeal strongly urges the argument made by the assistant prosecutor was "so inflammatory and prejudicial" that it denied Collins a fair trial and the failure of his trial counsel to object constituted ineffective assistance of counsel. It should be noted that errors in admission of evidence and alleged improper arguments cannot be made the basis for relief on a 27.26 motion. *Booth v. State*, 491 S.W.2d 286, 288[3] (Mo.1973). Thus, although Collins in his brief confines his argument to the prejudicial nature of the prosecutor's argument, the question to be resolved on this appeal is whether or not the failure of trial counsel to object to such argument denied Collins the effective assistance of counsel which deprived him of a fair trial. On that question it has been stated, "[a] defendant who has been convicted and who asserts that his attorney has not rendered adequate and effective legal assistance commensurate with constitutional standards has a heavy burden to sustain." *State v. Nolan*, 499 S.W.2d 240, 252[14–16] (Mo.App.1973). It was further held in that case a new trial will not be granted if it is concluded the defendant had a fair trial "even though the evidence may have shown that counsel might have prepared or handled the case differently or done otherwise . . . ." 499 S.W.2d 252[14–16].

In *Myrick v. State,* 507 S.W.2d 42 (Mo. App.1974) this court stated: "This burden (to show ineffective assistance of counsel) is not met unless it is clearly demonstrated that the acts of counsel went beyond errors of judgment of trial strategy and were of such character as to result in a substantial deprivation of movant's right to a fair trial." 507 S.W.2d 44[2–3].

The only evidence Collins has to attempt to show that he was deprived of a fair trial by being denied effective assistance of counsel is his testimony that he requested counsel to object to portions of the argument, and the testimony of his trial counsel. Trial counsel stated he considered the argument to be improper, but decided it was the better part of trial strategy not to object. This court has carefully reviewed the transcript of the original trial including the entire argument of the assistant prosecutor. The testimony of Collins and trial counsel has also been carefully reviewed.

In this case Collins' trial counsel candidly admitted the argument was objectionable but he thought Collins' interest would be better served by a failure to object on the theory the matter would only be further emphasized if an objection were made. Since only a trial counsel can formulate and attempt to execute his strategy for a trial, this strategy, even though unsuccessful, will not form the basis for a finding that counsel was ineffective.

It may well be that by use of the well known "twenty-twenty" hindsight, or the equally well known "Monday morning quarterback" approach, trial counsel's failure to object can be labeled a mistake. It might also be difficult to reconcile a failure to object with a trial strategy. However, trial counsel vigorously defended Collins in the face of overwhelming evidence of guilt and under the handicap of a lack of a viable defense.

In view of the handicap under which trial counsel was working, and in view of the overall manner in which he conducted the defense, this court cannot say as a matter of law that the failure to object was not based on trial strategy. This should not be construed as creating a shield to cover every shortcoming on the part of counsel in the conduct of a trial. This court is only holding that in the circumstances of this case when the only evidence explaining the failure to object is based on trial strategy, the trial court was justified in finding strategy was the reason no objection was made.

At the same time it should be noted this court does not in any way condone the assistant prosecutor's argument. This argument, which was but a small part of the total argument, could be construed as tending to "personalize" the defendant to the jury. However, in this case the propriety of this argument is not the issue.

The finding of the trial court that trial counsel's failure to object was a matter of trial strategy and that such failure to object did not deprive Collins of a fair trial cannot be set aside unless it can be termed to be clearly erroneous. *Dill v. State,* 525 S.W.2d 437 (Mo.App.1975); Rule 27.26(j).

A thorough review of the entire record fails to show the findings of the trial court to be clearly erroneous. The able trial judge who denied relief under Rule 27.26 also presided at Collins' trial. He was present when the jury argument was made and observed the conduct of Collins' trial counsel throughout the trial. From all of the evidence it cannot be held that Collins has clearly demonstrated the failure to object by his trial counsel went beyond trial strategy. Nor can it be said his complaint of counsel's inaction was of such a character as to result in a substantial deprivation of Collins' right to a fair trial.

The judgment, not being clearly erroneous, is affirmed.

All concur.