**STATE of Missouri, Respondent,**

v.

**Michael Steven BRADLEY, Appellant.**

**No. 43034.**

Missouri Court of Appeals,
Eastern District,
Division No. 3.

May 5, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1981.

Ken Singer, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Rule 27.26 proceeding. Movant's Rule 27.26 motion was denied by the trial court after submission by movant on the motion and the original trial transcript. We affirm.

Movant was charged initially with both burglary and stealing. After argument, but before the submission of the case to the jury, the prosecutor dismissed the burglary charge against movant. Stealing was the sole charge submitted to the jury. Movant was convicted on April 26, 1978 of stealing from a dwelling and sentenced, as a second offender, to eight years imprisonment. On direct appeal the conviction was affirmed.

*State v. Bradley*, 589 S.W.2d 615 (Mo.App. 1979).

In closing argument, at the original trial, the prosecutor stated:

MR. HOAG: There are so many burglaries going on because they are successful most of the time. Look at the place over there, the Hyde Park, Holy Name; nine times in fifteen months and we don't have a suspect. Burglaries are successful because people and police can't be everywhere.

Movant's lawyer failed to object to this comment on unrelated burglaries. The issue of the prosecutor's alleged improper closing argument was raised in movant's motion for new trial, but was not raised on direct appeal. The issue was thereby abandoned and is not available as a ground for relief in the present action. *Johnson v. State*, 561 S.W.2d 704, 706 (Mo.App.1978). Movant now contends that he was denied effective assistance of counsel by reason of his lawyer's failure to object to the comment on the nine unrelated burglaries.

Movant bears a heavy burden in showing ineffective assistance of counsel. *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979). Review by this court is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Pickens v. State*, 549 S.W.2d 910, 912 (Mo.App.1977). Herein, the Rule 27.26 judge concluded that the alleged improper closing argument was not a matter for relief in a Rule 27.26 motion. We agree.

Although movant relies upon *State v. Stockbridge*, 549 S.W.2d 648 (Mo.App.1977) wherein the court found the commutative effect of the prosecutor's comments resulted in manifest injustice under Rule 27.26(c), *Stockbridge* is not dispositive. In *Stockbridge*, the prosecutor's comments were vicious and highly prejudicial. Movant, herein, has failed to demonstrate prejudice amounting to ineffective assistance of counsel depriving him of a fair trial. *Collins v.*

*State,* 536 S.W.2d 928, 930 (Mo.App.1976). The finding of the Rule 27.26 judge was not clearly erroneous.

Finally, movant alleges he was denied effective assistance of counsel in that his lawyer failed to request that the jury be instructed that the burglary charge against movant had been withdrawn by the state and was to be disregarded in arriving at a verdict on the stealing charge. Movant has failed to show that the court was obligated to inform the jury, in an instruction, that the charge was withdrawn following the presentation of evidence, but before the jury retired to deliberate. Additionally, movant has failed to show any prejudice. *Seales v. State,* 580 S.W.2d 733 (Mo.banc 1979).

■ Movant's burden is to prove his case by a preponderance of the evidence. *Ballard v. State,* 577 S.W.2d 932, 934 (Mo. App.1979). The jury was not instructed on the burglary charge and was properly instructed on the stealing charge. The dismissal of the burglary charge was beneficial rather than detrimental to defendant. *State v. Turner,* 458 S.W.2d 280, 281–282 (Mo.1970). The Rule 27.26 judge was not clearly erroneous in finding that movant was not deprived of effective assistance of counsel because his trial attorney failed to request an instruction that the burglary charge had been withdrawn.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.