Michael BRADFORD, Appellant,

v.

STATE of Missouri, Respondent.

No. 49194.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 21, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 12, 1985.

Application to Transfer Denied
Sept. 10, 1985.

David Hemingway, St. Louis, for appellant.

William L. Webster, Mary Elise Burnett, Jefferson City, for respondent.

CRIST, Judge.

Denial of motion for post-conviction relief under Rule 27.26, without an evidentiary hearing. We affirm.

On December 11, 1981, movant was tried and found guilty by a jury on the charge of Murder Second Degree. He was sentenced to thirty years imprisonment. Thereafter, movant appealed his conviction to this court. On direct appeal we affirmed the sentence and conviction. *State v. Bradford*, 652 S.W.2d 138 (Mo.App.1983). On April 26, 1984, movant filed his Rule 27.26 motion. Proceedings were held on July 20, 1984. On August 10, 1984, the court issued its findings and judgment denying the motion.

Movant contends the trial court erred in finding his challenge to the sufficiency of evidence to support a guilty verdict was not cognizable in a Rule 27.26 proceeding and alternatively that such challenge did not constitute an error rising "to the level of a violation of a basic constitutional right." In addition, movant claims Fifth Amendment due process violations in his failure to receive benefit of counsel prior to the hearing on state's motion to dismiss. We disagree with movant's contentions.

Rule 27.26(b)(3) provides that "[m]ere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal." Movant contends sufficient evidence to support a guilty verdict is a Fourteenth Amendment constitutional due process requirement for criminal conviction. He cites *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560, 571 (1979),

a federal habeas corpus case. He argues his challenge to sufficiency should be cognizable in a Rule 27.26 proceeding.

■ As stated in *Dixon v. State*, 624 S.W.2d 860, 862–63 (Mo.App.1981), "an issue which could have been raised on direct appeal, even though it is a constitutional claim, may not be raised in the post conviction motion, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances." Movant fails to allege or prove his claim meets that prerequisite. He did not raise the issue of sufficiency of evidence in his initial motion for new trial. He did not raise it on direct appeal. Only upon denial of his 27.26 motion does movant contend his basic constitutional right to sufficiency of evidence was violated.

We find nothing in the record to indicate this claim could not have been raised in the motion for new trial or on direct appeal or that the circumstances are so exceptional that fundamental fairness demands the claim be heard now. Moreover, the trial court specifically found the evidence sufficient to sustain the conviction. Point denied.

■ Movant further contends Fifth Amendment due process violations in his failure to receive benefit of counsel prior to the hearing on the state's motion to dismiss. Movant's claim is not supported by the record.

The judgment is affirmed.

SIMON, P.J., and SATZ, J., concur.