**Carl FLETCHER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 36915.**

Missouri Court of Appeals,
Western District.

June 3, 1986.

Joseph H. Locascio, Sp. Public Defender, Kansas City, for appellant.

Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, C.J., and NUGENT and GAITAN, JJ.

PER CURIAM.

Appellant, Carl Fletcher, was found guilty of kidnapping, rape, robbery first degree and armed criminal action by a jury on December 11, 1979 and he received a sentence of life and sixty years imprisonment. Appellant filed his Rule 27.26 motion alleging ineffective assistance of counsel. The 27.26 motion was denied and this appeal followed. This Court affirms.

The facts surrounding the convictions are essentially that the appellant and one other man approached the victim's van as the victim and her eight year old daughter were leaving a dance class and asked for a ride. When the victim consented to help, one of the men pulled a gun on the victim and threatened to kill her if she made a wrong move. The robbery, rape, and kidnapping charges arose from the incidents occurring in the van late that evening as the victim was forced to drive around Kansas City. Appellant Fletcher's fingerprints were found inside the van on one of the rear doors and a shoeprint was found on a piece of paper in the van. Fletcher did not testify at his trial.

Appellant has asserted on appeal as his first, and presumably his primary point of reliance, that he did not make an intentional knowing and voluntary decision on whether or not to testify. This statement is not supported by his testimony at trial.

This court's review is limited to a determination of whether the findings, conclusions and judgments of the trial court are clearly erroneous. Rule 27.26(j); *Leigh v. State*, 673 S.W.2d 788, 790 (Mo.App.1984).

Appellant was informed that he could take the stand notwithstanding the advice of counsel. It is clear that defense counsel here simply felt defendant's story would probably do more harm than good. Defendant wanted to say that in the course of his job at a service station he worked on many vans and perhaps the victim's van was one of those. He felt this would explain the presence of his fingerprints in her van. Appellant's argument that he had no prior convictions is not overwhelming evidence that appellant should have taken the stand. It appears that appellant has demonstrated nothing more than that his trial counsel gave him advice on a question of trial strategy. As the Missouri Supreme Court has stated, "It is well settled that a hindsight disagreement as to the wisdom of such a strategic, professional decision may not be the basis for a successful charge of inadequate assistance of counsel." *Hughes v. State*, 507 S.W.2d 363, 365 (Mo.1974). "The decision whether to place the defend-

ant on the stand in a criminal case is always a difficult one—indeed, probably the most difficult decision for a defendant and his counsel to make. Experienced trial counsel will often differ as to the wisdom of such a course in a particular case; varying answers are possible as the advantages of a defendant's testimony are weighed against the potential hazards of a vigorous cross-examination." *Hughes* at 365 quoting *United States v. Garguilo*, 324 F.2d 795, 797 (2nd Cir.1963). The lower court found that the appellant's failure to take the stand in his own defense was a matter of trial strategy fully assented to by appellant.

To prevail upon an ineffective assistance of counsel claim, a defendant must show that an attorney's performance was not reasonable under prevailing professional norms. A defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components. "First, the defendant must show that counsel's performance was deficient ... Second, the defendant must show that the deficient performance prejudiced the defense. ... Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The appellant fails to provide evidence on either point.

In *State v. Turner*, 623 S.W.2d 4 (Mo. banc 1981), the defendant charged ineffective assistance of counsel based on his attorney's advice against testifying and refusal to call alleged alibi witnesses. The court said to prevail the claimant must "demonstrate his attorney failed, to his prejudice, to exercise the customary skill and diligence of a reasonably competent lawyer rendering similar services under the existing circumstances." *Id.* at 12; *Eldridge v. State*, 592 S.W.2d 738, 740, n.2 (Mo. banc 1979); *Reynolds v. Mabry*, 574 F.2d 978, 981 (8th Cir.1978). The court went on to say that it is settled that "defense counsel's attempt to dissuade his

client from testifying, without more, does not fall to a level that may be characterized as incompetency violative of defendant's constitutionally protected rights. *Such discouragement in the usual case amounts to advice on a question of trial tactics to which varying answers are tenable."* Emphasis added. *Id.* at 13; *Hughes v. State,* 507 S.W.2d 363, 364–5 (Mo.1974). To be entitled to relief, defendant must demonstrate how the purported testimony would have benefited him. *Turner* at 12; *Mayes v. State,* 589 S.W.2d 637, 638 (Mo.App.1979).

Appellant cites *Poe v. United States,* 233 F.Supp. 173, 176 (D.C.1964), in support of his contention that he did not voluntarily, knowingly, and intentionally waive his right to testify. *Poe* requires the attorney to present to the defendant the relevant information necessary for the defendant to make an intelligent decision to waive the right to testify. It is clear from appellant's responses at trial that he and his counsel discussed the possible benefits and detriments of testifying. This is supported by defense counsel's statement at the 27.26 hearing. Defendant apparently agreed, after discussing the issue with counsel, that defendant would not be an effective witness and therefore should not take the stand. Consequently, the test in *Poe* has been met. The ruling of the trial court was not clearly erroneous. Rule 27.26(j).

In the same vein, appellant argues as his second point that he was denied effective assistance of counsel because counsel failed to investigate the defense witnesses and evidence. Appellant asserts that the existence of a shoeprint, if it was not his print, indicates someone else could have been in the van and raped the victim. Therefore, appellant counsel's failure to discover the reference to a shoeprint in the prosecutor's file denied appellant effective assistance of counsel. Appellant also argues that counsel should have called his employer at the service station to testify that the defendant's fingerprints in the van could have come from servicing the van at the station.

The trial court held that the appellant failed to prove that defense counsel had not discovered the existence of the footprint. Further, the appellant failed to demonstrate that any prejudice resulted from the alleged failure to discover or use evidence of the shoeprint. Even if the print had been of good quality, which was not supported by the evidence, and was shown to belong to someone other than the defendant, the defendant has to show that there is a reasonable probability that, but for counsel's error, the result of the trial would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome. *Strickland v. Washington, supra* 466 U.S. at 694, 104 S.Ct. at 2068.

Appellant's final argument is that his fingerprints could have been found inside the van because he periodically worked on vans at a service station. However, he never demonstrated that he had actually worked on the van in question. Consequently, this argument is without merit. Counsel felt that explaining the fingerprints by calling the station owner would not appear credible to a jury. This decision of counsel is a matter of trial strategy to which the appellant *consented.* In counsel's own words, "I just didn't think it was going to sell." The fingerprints were very strong evidence against appellant and counsel chose to attack the victim's identification rather than put on a weak defense regarding the prints. This appears to be clearly trial strategy. "An assertion against counsel's choice of trial strategy with respect to calling or not calling certain witnesses does not establish ineffective assistance of counsel." *Eldridge v. State,* 592 S.W.2d 738, 741 (Mo. banc 1980). According to *Franklin v. State,* 655 S.W.2d 561 (Mo.App.1983), the appellant has to show that the information would have aided or improved the appellant's position. *See Walker v. State,* 567 S.W.2d 398 (Mo. App.1978). The appellant has failed to carry his burden on this second argument.

For the aforesaid reasons the decision of the trial court is affirmed.