Michael BRADFORD, Appellant,

v.

STATE of Missouri, Respondent.

No. 52042.

Missouri Court of Appeals,
Eastern District,
Division One.

June 30, 1987.

Motion for Rehearing and/or Transfer
Denied July 30, 1987.

Application to Transfer
Denied Sept. 15, 1987.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial, after an evidentiary hearing, of his second Rule 27.-26 motion. We affirm.

Movant was convicted of murder second degree and sentenced to thirty years' imprisonment. On direct appeal the conviction was affirmed pursuant to Rule 30.-25(b). *State v. Bradford,* 652 S.W.2d 138 (Mo.App.1983). On April 26, 1984, movant filed his first Rule 27.26 motion in which he challenged the sufficiency of the evidence to support his conviction. That motion was denied without an evidentiary hearing. The denial of post-conviction relief was affirmed on appeal. *Bradford v. State,* 694 S.W.2d 760 (Mo.App.1985).

On January 8, 1986, movant filed his second Rule 27.26 motion. That motion alleged ineffective assistance of trial counsel on three grounds; failure to challenge the sufficiency of the evidence, failure to request an instruction on defense of others, and failure to object to the prosecutor's opening and closing statements. Movant's attorney filed an amended motion on April 29, 1986, incorporating movant's pro se motion and asserting ineffective assistance of counsel in failure to file a motion for judgment of acquittal at the close of the State's case (paragraph 4), in failing to challenge the sufficiency of the evidence in the motion for new trial (paragraph 5), in failing to offer an instruction on defense of others (paragraph 6), and in failing to object to the prosecutor's closing argument (paragraph 7). At the hearing on movant's second Rule 27.26 motion, counsel stated only "points 5 and 6 and 8 [sic] were not raised" in the first Rule 27.26 motion. On this appeal of the denial of movant's second Rule 27.26 motion, the only issue raised deals with the failure to offer an instruction on the defense of others.

Successive motions or relitigation of the same issue is prohibited by Rule 27.26(d). The issues raised in movant's first Rule 27.26 motion were not available as grounds for relief in the second motion.

Movant does not raise the issue of counsel's failure to object to the prosecutor's closing argument in his brief. We note, as did the second Rule 27.26 trial court, that the issue was ruled on in movant's first Rule 27.26 proceeding.

In the second motion and at the hearing, movant argued trial counsel was ineffective in not challenging the sufficiency of the evidence because her failure to raise that issue in the motion for new trial resulted in our holding, on appeal of the first Rule 27.26 motion, that the issue of sufficiency of the evidence should have been raised on direct appeal and was therefore not cognizable under Rule 27.26. *Bradford v. State,* 694 S.W.2d at 761[1]. Movant now claims this allegation of ineffective assistance of counsel only arose after our opinion on his first motion, and that the failure to raise the issue in the motion for new trial "precluded movant from every being able to challenge the sufficiency of the evidence." As stated earlier this issue was not raised in movant's brief. We will state, however, that our holding on movant's first Rule 27.26 motion still applies;

he cannot raise this issue in a Rule 27.26 motion and "the circumstances are [not] so exceptional that fundamental fairness demands the claim be heard now." *Id.* at 761.

A Rule 27.26 "motion shall include every ground known to the prisoner for vacating, setting aside, or correcting his conviction and sentence." Rule 27.26(c). Movant has failed to demonstrate any reason why he could not raise the claimed instructional error in his first Rule 27.26 motion. Even had he so demonstrated, his point fails on appeal.

Our review of the findings of fact and conclusions of law in a Rule 27.26 proceeding is limited to a determination of whether those findings and conclusions are clearly erroneous. Rule 27.26(j). To establish ineffective assistance of counsel movant must demonstrate a reasonable probability that but for the claimed error the outcome of his trial would have been different. *Stokes v. State*, 688 S.W.2d 19, 23[12] (Mo.App.1985); *State v. Bradley*, 618 S.W.2d 206 (Mo.App.1981). The Rule 27.26 trial court, having read movant's trial testimony found "[t]here is nothing substantial in that testimony to support the proposition that defense of others justification instruction should have been given." We agree.

Movant appealed after his conviction, he filed a Rule 27.26 motion, appealed the denial of that motion, filed a second Rule 27.26 motion, and appealed from the denial of that motion. Movant has been heard by three trial courts and three appellate panels in a piecemeal fashion. For the sake of judicial efficiency we can only hope the new Supreme Court Rule 24.035 will not permit such abuse.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.