**Glenn ROBINSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53384.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
May 25, 1988.

Application to Transfer Denied
July 26, 1988.

Dorothy M. Hirzy, Sp. Public Defender, Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant Glenn Robinson appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted by a jury of capital murder, RSMo § 565.001 (1978), and sentenced to life imprisonment without possibility for parole for fifty years. The Missouri Supreme Court affirmed the conviction on direct appeal. *State v. Robinson,* 641 S.W.2d 423 (Mo. banc 1982). Movant made numerous allegations of ineffective assistance of counsel in his Rule 27.26 motion. On this appeal movant argues that the motion court erred in denying his motion. We affirm.

Initially we note the standard of review employed in evaluating movant's claim of error. Our determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). In order to prove ineffective assistance of counsel, movant must not only show that trial counsel's performance failed to rise to the level of reasonable professional standards, but also that the alleged ineffective assistance affected the outcome of the trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bradford v. State,* 735 S.W.2d 118, 120 (Mo.App., E.D.1987). We next evaluate each of movant's claims of ineffective assistance of counsel in light of these principles.

■ Movant first claims that he received ineffective assistance in that trial counsel failed to introduce evidence at his second trial that had been introduced at his first trial. At movant's first trial, counsel introduced evidence to prove that movant's right hand had been injured several days prior to the crime rebutting the State's witness' testimony that movant had used his right hand in committing the crime. Movant received a mistrial at the first trial

because of a hung jury. Movant was convicted at the second trial. Movant argues on appeal that counsel's failure to introduce the hand injury evidence at the second trial resulted in a conviction and therefore constituted ineffective assistance.

Trial counsel testified at the evidentiary hearing that he and movant discussed the hand injury evidence and decided not to introduce it at the second trial. Also, the State had introduced testimony at the first trial to rebut the hand injury evidence that related an incident in which movant was allegedly seen holding a gun several days prior to the crime. Trial counsel felt that this evidence was damaging to movant's case. Counsel further testified that when he interviewed the jury after the first trial, the jurors told him that they could not identify movant from the identification photographs introduced at trial thereby causing eleven of the jurors to vote not guilty. Thus the hand injury evidence did not seem determinative in the outcome of the first trial. The record clearly indicates that counsel made a reasonable strategic decision given the options and information before him. Such strategic decisions are virtually unchallengeable. *Williams v. State,* 730 S.W.2d 284, 287 (Mo.App., E.D.1987). Movant's first point is denied.

■ In his second point movant argues that trial counsel was ineffective in that he failed to meet with movant until instructed to do so by the Bar Association of Metropolitan St. Louis. Movant alleges that counsel failed to contact him until five months after movant was charged. Movant claims that this delay seriously prejudiced him in that it impaired the ability to locate alibi witnesses, precluded a thorough investigation of the case, and hindered the preparation of movant's defense. Although movant presented evidence which revealed that a delay occurred, movant failed to offer evidence to support the alleged prejudicial results of the delay. Further, movant failed to show how the alleged inadequate investigation and preparation affected the outcome of his trial. *Bradford,* 735 S.W.2d at 120. Movant

failed to meet the burden of proof on this issue.

Movant next argues that counsel was ineffective in failing to make several objections. During closing argument the prosecutor referred to a witness' voice identification testimony. Movant maintains that the comment was an impermissible reference to movant's failure to testify. But on direct appeal our supreme court ruled that the comment was not a direct and certain reference to movant's failure to testify. Movant has essentially recharacterized an argument that was addressed on direct appeal. *See Robinson,* 641 S.W.2d at 426.

■ Movant also alleges ineffective assistance in counsel's failure to object to testimony of a State's witness which movant characterizes as a reference to another, uncharged crime. The prosecutor elicited testimony from a detective in which the detective stated that there had been another murder five or six blocks from the scene of movant's crime which occurred about a week and a half before movant's crime. Movant argues that the detective suggested that movant was guilty of another, uncharged crime. The motion court found that counsel's decision not to object was within the parameters of trial strategy. That finding was not clearly erroneous. *Sanders,* 738 S.W.2d at 857. Further, the testimony, when viewed in context, does not suggest that movant had committed the other murder. We find no prejudice.

■ Movant next points to counsel's failure to object to references made to movant's previous trial. Counsel testified at the evidentiary hearing that he impeached several of the State's witnesses with testimony from the previous trial. Counsel felt that he could not have it both ways; *i.e.,* he could not use testimony from the first trial to impeach the State's witnesses and then object to the State's witness' reference to the "last trial." Counsel also testified that he did not believe the reference was significant. Counsel's decision not to object was reasonable trial strategy. *Williams,* 730 S.W.2d at 287. This point is denied.

In his final point on appeal, movant alleges that counsel was ineffective in that he did not allow movant to testify. Counsel testified that he advised movant not to testify because movant had two prior felony convictions, but that movant was free to testify if he so desired. Counsel testified that movant did not indicate that he wanted to testify. Movant's failure to take the stand in his own defense was clearly a matter of trial strategy assented to by movant. *See Fletcher v. State,* 710 S.W.2d 928, 929 (Mo.App., W.D.1986). Point denied.

Finding movant's arguments to be without merit, the denial of his Rule 27.26 motion is affirmed.

REINHARD and CRIST, JJ., concur.