John KELLY, Jr., Respondent,

v.

STATE of Missouri, Appellant.

No. 56561.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 19, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 17, 1990.

Application to Transfer Denied
March 13, 1990.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for appellant.

Janis C. Good, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Respondent, John Kelly Jr., was convicted by a jury of rape on February 24, 1984, and the jury assessed fifteen years imprisonment as punishment. Respondent was so sentenced on April 4, 1984, after a presentence investigation had been conducted. His conviction was affirmed on direct appeal. *State v. Kelly*, 689 S.W.2d 639 (Mo. App., E.D.1985). On May 3, 1988, respondent filed his pro se motion under rule 29.15 which counsel amended on July 15, 1988. The motion court sustained respondent's motion on March 29, 1989, after an evidentiary hearing had been held. We reverse and remand.

Respondent lived with his girlfriend, Margaret Robinson, and her two children, Felicia and Brendella. Respondent and Margaret had been living together as if they were husband and wife for approximately seven years prior to 1983. Felicia, who was born May 4, 1977, was the natural born child of respondent and Margaret. Brendella, born March 4, 1972, was Marga-

ret's child but was not respondent's natural born child. The evidence was clear, however, that respondent treated both children as his own and Brendella testified that she referred to respondent as "daddy."

On Friday, May 20, 1983, respondent came home from work late in the evening. After eating dinner, he went into the bedroom that he and Margaret shared. Margaret had been lying on the bed relaxing but had not fallen asleep. Brendella was also in the room watching television. Shortly after respondent sat on the bed, he began motioning with his finger, signalling Brendella to go into the kitchen.

Respondent followed Brendella into the kitchen and instructed her to lie down on a rug. Respondent then had sexual intercourse with Brendella. When Brendella told respondent she wanted to watch television, respondent allowed her to watch the T.V. in the kitchen but continued to have sexual intercourse with her.

Margaret, being curious as to what Brendella was doing, got out of bed to look for her. Respondent then emerged from the unlit kitchen and told Margaret that he and Brendella had just been talking. The next day, Brendella told Margaret that respondent had had sexual intercourse with her in the kitchen, albeit not in those words.

Both Margaret and Brendella testified at respondent's trial. The State presented medical testimony that Brendella had been recently sexually traumatized. This testimony could not pinpoint the date the traumatization occurred nor could it confirm that there was penetration by the male sex organ. Therefore, the credibility of Margaret, Brendella, and respondent was important.

Respondent testified and contradicted the story that Margaret and Brendella had advanced. Respondent denied ever sexually abusing or raping Brendella. During respondent's direct examination, he stated that he had never been convicted of a crime

prior to this incident. The State, on cross-examination, used a 1969 Florida misdemeanor conviction to impeach his direct testimony. The Florida conviction record indicated that the crime was carrying a concealed weapon but did not indicate that respondent was represented by counsel, negatively inferring that, in fact, he was not. In addition, there is no indication of a waiver of counsel.

The motion court granted respondent's Rule 29.15 motion on the ground that respondent's counsel was ineffective in failing to specifically object to the use of the uncounseled misdemeanor conviction, which would be constitutionally invalid, to impeach respondent's credibility.[1] The motion court noted the fact that the credibility of the respondent and the victim was *"the"* issue in the case.

■ Our review of the motion court's findings is limited to whether its findings, conclusions, and judgment are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). These findings are clearly erroneous if, after examining the entire record, we are left with a definite and firm impression that a mistake has been made. *Id.* at 695–696. We now examine this case in light of these considerations.

The State of Missouri, appellant, argues that since the issue was not contained in respondent's 29.15 motion it was therefore waived and the court should not have considered it. Rule 29.15(d). The State also argues that the motion court's findings were clearly erroneous because the misdemeanor conviction was not patently inadmissible—the respondent therefore failed to carry his burden of proof. Respondent asserts that, as the issue was tried by the implied consent of the parties, Rule 29.15(d) does not apply and the use of the Florida conviction was clearly improper.

■ It is well established that where an issue has been decided on direct appeal, it cannot be raised and considered again in a

1. Respondent's attorney had objected numerous times to the use of this conviction on a number of other grounds; lack of foundation, misleading, irrelevant, and prejudicial. The record of the conviction was eventually admitted into evidence but the State was never able to get respondent to directly answer its question concerning the conviction due to respondent's attorney's objections.

postconviction proceeding. *State v. Bradley*, 618 S.W.2d 206, 207 (Mo.App., E.D. 1981). Similarly, where an issue is raised in a motion for new trial but is not raised in the direct appeal itself, the issue is considered to be abandoned. *Id.* Where an issue is abandoned, it cannot be raised in a postconviction proceeding. *Id.*

■ In the situation at bar, respondent filed a motion for new trial on March 19, 1984, claiming, inter alia, that the use of the Florida conviction as impeachment was error. Paragraph nine of respondent's new trial motion states:

9. The trial court erred by permitting the State to impeach Defendant's denial of a prior conviction for the offense of carrying a concealed weapon in the State of Florida, with a certified record which did not indicate whether Defendant had the benefit of counsel at the time of that conviction.

In his direct appeal, respondent raised as error the State's closing argument claiming that the State drew an adverse inference from respondent's failure to call named witnesses. Since respondent did not raise paragraph nine as error on appeal, he has abandoned this issue.

■ Nonetheless, this claim is precisely the basis upon which the motion court found respondent's counsel to be ineffective. The claim of ineffectiveness of counsel is the only distinguishing factor between paragraph nine and the motion court's finding. An issue raised on direct appeal cannot again be examined in a subsequent postconviction proceeding, even where the movant (respondent) propounds a different theory in his postconviction claim. *Bannister v. State*, 726 S.W.2d 821, 830 (Mo.App., S.D.1987). We hold this also applies to abandoned issues.

In *State v. Bradley*, this court found that a claim of ineffective assistance in counsel's failure to object to a portion of the State's closing argument, was not available as a claim for relief under Rule 27.26 where the claim attacking the State's closing argument was raised in movant's motion for new trial but not raised on direct appeal. *Bradley*, 618 S.W.2d at 207.

Since, in the case at bar, respondent raised the claim that it was improper for the State to have used an uncounseled misdemeanor conviction to impeach him in his motion for a new trial, respondent cannot now present this issue by changing his theory to include a claim of ineffective assistance of counsel.

We also point out that respondent's attorney objected numerous times to the admission of this conviction, without success. If we were to sustain the motion court's findings, we would be placing an unacceptable burden upon an attorney to choose the exact grounds for objection lest his conduct be deemed ineffective. In *Williams v. Bailey*, it was stated that where the grounds for an objection should be apparent to the trial judge, the issue could be presented to the appeals court despite the absence of a specific objection. *Williams v. Bailey*, 759 S.W.2d 394, 397 (Mo.App., S.D.1988). Since the record in the instant case manifests its possible invalidity on its face, we cannot say that respondent's objections, though not specific, did not preserve the issue for appellate review. However, this issue should have been litigated upon direct appeal since it was raised in respondent's motion for new trial. The motion court's failure to recognize this was clearly erroneous.

The fact that this issue should not be presented was evidently apparent to respondent as well. Respondent did not raise the claim of ineffective assistance for counsel's failure to object to the use of the Florida conviction in either his pro se motion or his amended motion. Indeed, neither the respondent nor the State inquired into this issue during the evidentiary hearing. The motion court first broached the subject when, more than one month after the conclusion of the evidentiary hearing, the court requested that the parties supply memoranda on the issue. No further hearings were held and no additional evidence was taken except for both parties' requested memorandum. The State asserts that since the issue was not raised in respondent's motion and the motion was never amended, the issue was not properly before the motion court. In *Laws v. State*, testi-

mony was presented on an issue that was not raised in movant's postconviction motions and where no formal attempt to amend the motion was made. *Laws v. State*, 708 S.W.2d 182, 184 (Mo.App., E.D. 1986). In *Laws*, we found that the issue had been properly before the motion court by the implied consent of the parties where the State did not object to the introduction of the evidence. *Id.*

In the case at bar, the State did question the ability of the court to consider this issue in the State's memoranda to the motion court. Moreover, not only did the respondent never attempt to amend his pleadings, but the issue was never touched upon during the evidentiary hearing. Thus, this case is clearly distinguishable from *Laws*.

■ We also recognize that Rule 29.15(d) clearly states that the movant (respondent) "waives any ground for relief known to him that is not listed in the motion." Respondent certainly knew of the existence of the ground for relief in this case since it appears in his motion for new trial. *Laws v. State* interpreted former Rule 27.26 which did not contain this waiver language and, therefore, the *Laws* rationale should not be applied to a proceeding under Rule 29.15. Since respondent did not raise the issue in his Rule 29.15 motion, he waived any consideration of it. Since the issue in this case was not properly before the motion court, the decision of the court to address it was clearly erroneous.

Respondent did raise a number of other, alternative grounds for relief in his Rule 29.15 motion. These claims were not specifically addressed in the court's findings and conclusions; we are, thus, unable to review them for error. We, therefore, must remand the case with the instruction that the court specifically address the respondent's other claims which were presented to the motion court.

We reverse that part of the motion court's findings which declared respondent's counsel to be ineffective in failing to make a specific objection to proffered evidence since we find this conclusion to be clearly erroneous. We remand the cause to the motion court in order that it may

pass upon the additional claims for relief which were not addressed.

REINHARD and CRIST, JJ., concur.