Angela BLAKELY, Appellant,

v.

STATE of Missouri, Respondent.

No. 16710.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 8, 1990.

Motion for Rehearing or Transfer
to Supreme Court Denied Aug. 29, 1990.

Application to Transfer Denied
Oct. 16, 1990.

Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

On April 1, 1988, pursuant to a plea agreement, Angela Blakely ("movant") pled guilty to murder in the second degree, § 565.021, RSMo 1986, and was sentenced to thirty years' imprisonment. Eighty-three days later she commenced the instant proceeding by filing a pro se motion per Rule 24.035, Missouri Rules of Criminal Procedure (19th ed. 1988), to vacate the conviction. The circuit court, after an evidentiary hearing, entered comprehensive findings of fact and conclusions of law, and denied relief.

Movant appeals, maintaining the circuit court erred in rejecting her claim that she received ineffective assistance from the lawyer who represented her when the plea was entered. Movant avers that in deciding to enter the plea she relied on representations by her lawyer that she would serve only six to eight years of her sentence before being paroled, then learned after arriving at prison that she would have to serve ten to fourteen years.

Movant was initially charged with murder in the first degree, § 565.020, RSMo 1986. Under the plea agreement the charge was reduced to murder in the second degree, movant pled guilty, the prosecutor recommended the thirty-year sentence, and the prosecutor promised to file no other charges against movant in connection with the incident during which the homicide occurred.

Movant's pro se 24.035 motion was never amended. The grounds for relief set forth therein were, insofar as pertinent here:

"Ineffective assistance of counsel.... [Movant] did not fully understand the grounds under which guilty plea was made, has no legal knowledge, was told how to answer the questions."

At the evidentiary hearing movant testified, without objection by the prosecutor, that one of her reasons for accepting the plea agreement was that her lawyer told her she would serve only six to eight years.

Movant recounted that after arriving at prison she was told by a parole officer she may have to serve ten to fourteen years.

The lawyer who represented movant when she pled guilty was called as a witness by the prosecutor at the evidentiary hearing. He testified, in substance, that he advised movant that being a first offender she could expect to serve roughly twenty-five percent of her sentence, and that the actual amount of time she would be imprisoned "was a subjective determination by the Board of Probation and Parole." He based that advice on his experience "that most people serve approximately a quarter of their sentence if they're a first offender and there are no substantial problems during their incarceration."

The circuit court, citing *Grove v. State*, 772 S.W.2d 390, 395 (Mo.App.1989), ruled that because the 24.035 motion contained no averment that movant's plea of guilty was induced by her lawyer's advice about eligibility for parole, such advice afforded no basis for relief. The circuit court further found there were no positive misrepresentations to movant and the discussions about parole eligibility did not induce her to plead guilty.

The State's brief asserts that movant's claim that her guilty plea was induced by her lawyer's advice regarding the number of years she would be imprisoned is not cognizable in this appeal, as such claim was not pled as a ground for relief in the 24.035 motion.

Movant argues that because the prosecutor (a) never objected to her testimony on that subject, and (b) presented testimony by her former lawyer on the subject, the issue was tried by implied consent of the parties, thereby amending the 24.035 motion to conform to the evidence. In support of that contention movant relies on Rule 55.33(b), Missouri Rules of Civil Procedure (20th ed. 1989), and *Laws v. State*, 708 S.W.2d 182 (Mo.App.1986).

In *Laws*, an appeal from the denial of relief in a proceeding under former Rule

27.26,[1] the Eastern District of this Court held that where the prisoner, without objection by the prosecutor, presented testimony by several witnesses on an issue that had not been pled in the motion to vacate, the issue was tried by implied consent of the parties and the motion would be treated as amended to conform to the evidence. 708 S.W.2d at 184[1].

Later, however, the Eastern District refused to apply the *Laws* rationale in *Kelly v. State,* 784 S.W.2d 270 (Mo.App.1989), a proceeding under Rule 29.15 which, like Rule 24.035, became effective January 1, 1988, simultaneously with the repeal of Rule 27.26. Missouri Rules of Court (19th ed. 1988), pp. 130–31, 142, 148–49. *Kelly* emphasized that Rule 29.15(d) states that a movant "waives any ground for relief known to him that is not listed in the motion." 784 S.W.2d at 273. *Kelly* pointed out that *Laws* interpreted former Rule 27.26 which did not contain this waiver language. *Id.* *Kelly* held that because the prisoner did not raise any issue in his 29.15 motion regarding the use of an earlier conviction to impeach him at trial, such issue was not properly before the circuit court in the 29.15 proceeding, hence the circuit court should not have addressed it. *Id.*

The Western District of this Court followed *Kelly* in *Rohwer v. State,* 791 S.W.2d 741 (Mo.App.W.D.1990), also a proceeding under Rule 29.15. There the prisoner filed a pro se motion to vacate, then later filed a pro se addendum, and ultimately filed an amended motion assisted by counsel. At the evidentiary hearing in the circuit court the prisoner, without objection by the State, presented evidence on issues raised in all three pleadings. The circuit court denied relief and the prisoner appealed. The Western District held that of the five issues briefed by the prisoner, two were first asserted in the pro se addendum which was not verified; consequently, those two claims were procedurally barred. The other three issues were raised for the first time either in the amended motion, which was untimely, or at the evidentiary

hearing. Therefore, held the Western District, they were time barred and procedurally waived. The prisoner argued that inasmuch as his evidence was received by the circuit court without objection by the State, the issues were tried by implied consent per Rule 55.33(b). Citing *Kelly* with approval, the Western District held in *Rohwer* that Rule 55.33(b) is inapplicable in Rule 29.15 proceedings, thus a prisoner who fails to properly assert all grounds for relief in a timely, verified motion forfeits any remedy available for additional claims.

■ We recognize, of course, that *Kelly* and *Rohwer* were 29.15 proceedings, while the instant case is a 24.035 proceeding. However, the crucial language in the two Rules is identical. Rule 29.15(d) and Rule 24.035(d) provide:

"... The movant shall verify the motion, declaring that he has listed all grounds for relief known to him *and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion.*" (Emphasis added.)

If, as held in *Kelly* and *Rohwer,* the above-quoted language bars a prisoner in a 29.15 proceeding from asserting, in the circuit court or on appeal, any ground for relief not pled in his motion to vacate, we perceive no reason that the same principle should not apply in a 24.035 proceeding. Accordingly, we hold that inasmuch as the complaint of ineffective assistance of counsel asserted by movant in this appeal was not pled in her motion to vacate, it was waived. That being so, we need not review the circuit court's ruling on the merits of the issue.

■ Movant insists, however, that the allegation in her motion that she "... did not fully understand the grounds under which guilty plea was made, has no legal knowledge ..." put the State and the circuit court on notice that "at least one of the events surrounding [her] guilty plea was being challenged by [her] on collateral

---

**1.** Rule 27.26 was repealed effective January 1, 1988. Missouri Rules of Court (19th ed. 1988), p. 142.

attack." Movant asserts that in order to do substantial justice, the allegation mentioned in the preceding sentence must be construed to include an averment that her lawyer "made misrepresentations concerning her parole eligibility which induced her to plead guilty."

We disagree. Even given the most liberal construction, the allegation could not possibly alert the State or the court that movant was claiming her lawyer rendered ineffective assistance by advising her that she would have to serve only six to eight years of the thirty-year sentence.

As the ground for relief asserted by movant in this appeal was waived by her failure to plead it in her 24.035 motion, the circuit court could have properly rejected it on that basis alone, without considering it on the merits. That, however, is academic. The circuit court denied relief, and movant's sole point relied on in this appeal is not cognizable for the reasons heretofore expressed.

The judgment of the circuit court denying relief is, accordingly, affirmed.

MAUS, P.J., and PREWITT, J., concur.