Leroy Gordon BOCKOVER, Appellant,

v.

STATE of Missouri, Respondent.

No. 16763.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 21, 1990.

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Leroy Gordon Bockover ("movant") appeals from a judgment denying—after an evidentiary hearing—his motion per Rule 24.035, Missouri Rules of Criminal Procedure (19th ed. 1988), to vacate his conviction of murder in the second degree, § 565.021.1, RSMo 1986, and sentence of life imprisonment. The conviction resulted from a plea of guilty.

Movant's brief presents two points: (1) the lawyer who represented him when he pled guilty ("plea counsel") rendered ineffective assistance, and (2) the lawyer who represented him in the circuit court in this 24.035 proceeding ("motion counsel") rendered ineffective assistance.

Movant was originally charged with murder in the first degree, § 565.020.1, RSMo 1986. The prosecutor reduced the charge to murder in the second degree in exchange for movant's plea of guilty. There was no agreement on punishment.

Movant commenced the instant proceeding by filing a pro se motion to vacate. It was never amended. It averred, insofar as pertinent here:

> "Counsel was ineffective for failure to investigate and interview a prospective witness by the name of Mrs. Brandy McMillin nee Kent ... who would have testified as an alibi witness for Movant.
>
> . . . .
>
> Movant will depend upon his own testimony and that of Mrs. Brandy McMillin (nee Kent) to substantiate the fact that at the time of the alleged offense Movant was functioning in a totally incompetent and incoherrent [sic] manner under the influence of drugs."

The homicide occurred July 9, 1986.

We deduce from the record that movant was arrested shortly before 10:00 a.m., July 16, 1986. He made an incriminating statement to arresting officers around 12:20 to 12:40 p.m., that date. He then asked the officers for a lawyer. At that point, as we comprehend the record, the officers allowed movant's mother, and perhaps a brother, to talk to movant. No

lawyer was present. Movant then made further statements.

Before the preliminary hearing, plea counsel filed a motion to suppress movant's statements. A hearing on the motion was conducted September 25, 1986, immediately prior to the preliminary hearing.

Plea counsel, testifying at the 24.035 hearing, recounted that he called movant as a witness at the suppression hearing to testify about his condition at the time of the interrogation. Movant, according to plea counsel, testified he "had drank about ten beers the morning he was arrested and had smoked a number of marijuana cigarettes." Plea counsel explained: "The first I ever heard about Brandy Kent was at the suppression hearing. And the fact that Mr. Bockover testified that he had been smoking a marijuana cigarette with her immediately prior to being arrested was the first I had heard of it.... She was not an alibi witness. Mr. Bockover provided me with the names of no alibi witnesses."

Plea counsel recalled that the judge who heard the motion to suppress sustained the motion as to the statements made by movant after he had requested a lawyer. Those statements were not used by the prosecutor at the preliminary hearing.

Plea counsel filed another motion to suppress movant's statements after movant was bound over for trial. A hearing was held on that motion January 26, 1987. Movant, testifying at the 24.035 hearing, stated that two officers were called as witnesses at that suppression hearing. Movant's testimony continued:

"Q. ... And did you testify at the motion to suppress?

A. No, sir.

Q. Did you have any witnesses that you had advised [plea counsel] of that were not there that you wanted there?

A. Yes, sir, I did.

Q. Who was that?

A. Brandy Kent.

. . . .

Q. Okay. And when did you tell [plea counsel] about this witness?

A. All through the nine months that I was—

Q. When you first met him?

A. Yes.

Q. Okay. And to your knowledge, what contact did [plea counsel] have with Ms. Kent?

A. None.

Q. Okay. And how do you come about that knowledge?

A. Because he told me that he didn't think it would help to talk with her."

Movant conceded at the 24.035 hearing that Brandy Kent could not have testified as to his whereabouts at the time of the homicide, nor could she have testified that he was under the influence of drugs at the time of the homicide. Movant acknowledged that her testimony would have been only that he was under the influence of drugs and alcohol when he made his incriminating statement. She was not present, of course, when he made it.

At the conclusion of the January 26, 1987, suppression hearing the trial court denied the motion to suppress.

At the 24.035 hearing, plea counsel was asked about Brandy Kent. He testified:

"... I saw no advantage in bringing her testimony in. All she would have been able to testify to, as Mr. Bockover told me, was that she had smoked a marijuana cigarette with him prior to the interrogation. That's it.

Q. So you never tried to locate her?

A. No, I didn't.

. . . .

Q. ... this Brandy ... Kent, she supposedly had—What did he tell you she would testify to?

A. The sequence of events as related to me by Mr. Bockover, as I recall them, is that early that morning he had been drinking beer at his home where his mother and brother had been present. He had then left the home, gone to the city park, and had there smoked some marijuana with Brandy Kent. It was there at the park, I believe, that he was arrested...."

The judge who conducted the 24.035 hearing ("the motion court") made comprehensive findings of fact and conclusions of law on all grounds for relief pled in the motion to vacate. Those findings and conclusions included these:

"... Movant has alleged ... that [plea] counsel was ineffective for failure to investigate and interview a potential witness named 'Brandy McMillin nee Kent' as an 'alibi witness;' and that ... this witness would have substantiated his testimony that he was under the influence of drugs 'at the time of the alleged offense.'

... the court finds that Brandy McMillin nee Kent ... was not an alibi witness as she was not present at the time of the offense; and that, if she would have testified as Movant expected, she would have only corroborated his contention that he had used drugs before making his confession to the arresting officers.

... the court further finds that [plea] counsel did not interview this witness for reason that he felt it unnecessary because there was no dispute as to the fact that Movant used drugs and/or alcohol on the day he was arrested and confessed and that this was a matter of trial strategy; that this witness had no other knowledge of the case other than the fact she was with Movant at the time of his arrest and that she and Movant had smoked marihuana; and that Movant has offered no testimony as to how he was prejudiced by [plea] counsel's actions in this regard."

The motion court further found that plea counsel exercised the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances in handling the homicide case.

■ Movant's first point relied on asserts the motion court erred in denying relief in that movant's guilty plea was not entered knowingly and voluntarily, as movant was denied effective assistance of counsel. The point avers:

"... [plea] counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under the same or similar circumstances, by failing to contact, interview or call as a witness Brandy McMillan nee Kent, who would have testified that [movant] was intoxicated from the consumption of marijuana on the morning of his arrest, rendering involuntary [his] statement to police shortly after his arrest. [Movant] suffered prejudice because, had the court suppressed the statement, [movant] would not have pleaded guilty and would have proceeded to trial."

One immediately notices that the facts set forth in the above point were not pled in movant's motion to vacate. The motion, it will be recalled, averred that Brandy Kent would have testified as an "alibi witness" for movant, and that she would have testified he was functioning in an incompetent and incoherent manner under the influence of drugs at the time of the homicide.

Movant's own testimony in the motion court refuted those allegations. He admitted she could not have testified regarding his whereabouts at the time of the homicide or about his condition at that time. Her testimony, according to movant, would have been only that he was under the influence of drugs and alcohol when arrested. As reported earlier, the arrest occurred a week after the homicide.

Inasmuch as the facts on which movant's first point is based were not pled in his motion to vacate, we could deny the point for that reason alone. *Rohwer v. State,* 791 S.W.2d 741 (Mo.App.1990), and *Kelly v. State,* 784 S.W.2d 270 (Mo.App.1989), applying Rule 29.15(d), which in all respects material here is identical to Rule 24.035(d). However, we need not rely on *Rohwer* and *Kelly* in disposing of movant's first point.

Obviously, the only possible prejudice movant could have suffered from plea counsel's failure to contact Brandy Kent was the absence of her testimony at the suppression hearings. In that regard, plea counsel may not even have known about Brandy when the first suppression hearing commenced. Plea counsel, as we have

seen, avowed he knew nothing about Brandy until movant mentioned her in his testimony at that hearing.

Be that as it may, we reject movant's contention that the motion court erred in holding that plea counsel's failure to contact Brandy was not ineffective assistance.

Movant's theory of ineffective assistance is: (1) Brandy's testimony would have shown he was intoxicated from smoking marijuana on the morning of his arrest, (2) this would have demonstrated he was "incompetent" when he gave his incriminating statement to the investigators, thereby rendering the statement involuntary and inadmissible, (3) the statement was the state's primary evidence against him, and (4) when he realized the statement would not be suppressed he pled guilty to murder in the second degree rather than facing trial on murder in the first degree and a possible death sentence.

Elements 1 and 2, above, assume Brandy's testimony would have convinced the trial court (presumably at the suppression hearing January 26, 1987) to declare movant's incriminating statement inadmissible.

In that regard, the motion court found there was no dispute about movant's use of "drugs and/or alcohol" on the date of his arrest and confession. Movant does not attack that finding, nor does he suggest how Brandy's testimony would have enhanced the proof of intoxication.

■ The fact that a suspect is more or less intoxicated when he confesses does not require that the confession be excluded if, at the time of the confession, he has sufficient mental capacity to know what he is saying. *State v. Thresher,* 350 S.W.2d 1, 8[16] (Mo.1961). *Cf. State v. Gullett,* 606 S.W.2d 796, 807 (Mo.App.1980).

Movant's testimony at the 24.035 hearing was merely that Brandy would have testified he "was under the influence of drugs and alcohol when I made that [incriminating] statement." Movant made no showing in the motion court that Brandy's testimony would have demonstrated he was unable to comprehend what he said at the time of the interrogation.

■ To prevail on a claim of ineffective assistance of counsel a prisoner must show (1) his lawyer failed to exercise the customary skill and diligence that a reasonably competent lawyer would have exercised under similar circumstances, and (2) the prisoner was thereby prejudiced. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). The prisoner must satisfy both requirements. *Id.* If he fails to satisfy one, the court need not consider the other. *Id.*

■ The motion court, as observed earlier, found movant failed to show prejudice from plea counsel's failure to interview Brandy. Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j); *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied,* — U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

As movant's evidence failed to show that Brandy's testimony would have established that his confession was inadmissible, we cannot brand as clearly erroneous the motion court's finding that movant failed to demonstrate he was prejudiced by plea counsel's failure to contact Brandy. Movant's first point is, accordingly, denied.

Before leaving it, however, we observe that movant's mother would probably have been more able than Brandy to testify about movant's condition at the time he was interrogated.

Plea counsel, it will be recalled, testified in the motion court that on the morning of July 16, 1986, prior to movant's arrest, movant drank beer at home where his mother was present. Plea counsel further testified that during the interrogation, when movant asked for a lawyer, the officers allowed movant's mother to talk to him. She therefore saw him before and during the interrogation.

Movant presented his mother as a witness in the motion court but motion counsel asked her nothing about movant's condition at the time of the interrogation. The motion court could have readily inferred from this that had movant's mother been questioned on the subject, her testimony would

have confirmed that movant, at the time he confessed, was not so intoxicated that he failed to comprehend what he was saying, and that Brandy's testimony would not have shown otherwise.

Movant's second point maintains motion counsel rendered ineffective assistance in failing to (a) file a timely amended motion to vacate, and (b) interview Brandy or present her as a witness in the motion court.[1]

Nothing in the record on appeal shows that these complaints were asserted in the motion court. Claims not raised in the motion court cannot be reviewed on appeal. *Young v. State*, 770 S.W.2d 243, 245[3] (Mo. banc 1989). Furthermore, a post-conviction proceeding authorized by rules of the Supreme Court of Missouri is directed to the validity of the prisoner's conviction and sentence, and cannot be used as a conduit to challenge the effectiveness of counsel in the post-conviction proceeding. *Id.* at 245[4]; *Lingar v. State*, 766 S.W.2d 640, 641[2] (Mo. banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989).

However, even if movant's second point were cognizable in this appeal it would be futile. The motion court heard and determined movant's complaint about plea counsel's failure to contact Brandy (together with other grounds for relief pled in movant's pro se motion). Nowhere in movant's brief does he identify any ground for relief that motion counsel should have raised in an amended motion. Consequently, motion counsel's failure to file an amended motion, even if reviewable here, would supply no basis for reversal. *Luster v. State*, 785 S.W.2d 103, 107[10] (Mo.App. 1990); *Grove v. State*, 772 S.W.2d 390, 392–93[1] (Mo.App.1989).

Motion counsel's failure to produce Brandy as a witness in the motion court is likewise no reason for reversal. Even if we assume Brandy could have been found and subpoenaed, and that her testimony would have been as movant represented, we have determined in our rejection of movant's first point that such testimony would not have demonstrated that movant's incriminating statement was inadmissible.

The judgment of the motion court is affirmed.

MAUS, P.J., and PREWITT, J., concur.

---

1. The lawyer representing movant in this appeal is a different lawyer than motion counsel.